UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| KIM M  BROWN, | : | Case No. 18-72291-(AST) |
| | : | |
| Debtor. | : | |
| | : | |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| ROBERTY PRYOR, AS CHAPTER 7 TRUSTEE | : | |
| OF THE ESTATE OF KIM M BROWN and | : | |
| KIM MOORNING BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| against | : | |
| | : | Adv. Pro. No. 18-08058-(AST) |
| GREAT LAKES, COLUMBIA UNIVERSITY | : | |
| TEACHERS COLLEGE, UNITED STATES | : | |
| DEPARTMENT OF EDUCATION, NAVIENT | : | |
| CORPORATION and NAVIENT SOLUTIONS, LLC, | : | |
| | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| ROBERT L. PRYOR, AS CHAPTER 7 TRUSTEE | : | |
| OF THE ESTATE OF KIM M BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| against | : | Adv. Pro. No. 18-08119 (AST) |
| | : | |
| THE TRUSTEES OF TEACHERS COLLEGE OF | : | |
| COLUMBIA UNIVERSITY IN THE CITY OF NEW | : | |
| YORK, | : | |
| | : | |
| Defendant. | : | |

-----------------------------------------------------------------x

## ORDER DENYING DEBTOR'S MOTIONS FOR STAYS PENDING APPEAL

On June 15, 2021 Debtor, Kim M Brown, filed a Motion to Stay Order Pending Appeal

("First Stay Motion") [Case No. 18-72291, Dkt. No. 93; AP. No. 18-08058, Dkt. No. 145; AP. No.

18-08119, Dkt. No. 37]. The First Stay Motion concerns a settlement between the Trustee and

defendant Teachers College, which this Court approved pursuant to the Order Granting Motion to Approve Stipulation entered on June 1, 2021 ("Order Approving Settlement") [Case No. 18-72291, Dkt. No. 85; AP. No. 18-08058, Dkt. No. 136; AP. No. 18-08119, Dkt. No. 30].

On July 15, 2021, the Debtor filed a Second Motion to Stay Order Pending Appeal ("Second Stay Motion"). [Case No. 18-72291, Dkt. No. 118; AP. No. 18-08058, Dkt. No. 166; AP. No. 18-08119, Dkt. No. 59] The Second Stay Motion concerns an Order entered by this Court on June 24, 2021 striking scandalous material from a pleading Debtor filed which sought to have this Court set aside its Order Approving Settlement, which also denied Debtor's request to vacate that same Order (the "Order Denying Vacatur"). [Case No. 18-72291, Dkt. No. 102; AP. No. 18-08058, Dkt. No. 152; AP. No. 18-08119, Dkt. No. 45].

As both the First and the Second Stay Motions lack merit, for the reasons set forth below, both Motions are hereby DENIED.

## BACKGROUND

On April 5, 2018, Kim M Brown filed a petition for relief under Chapter 7 of Title 11 of the United States Code. The Debtor thereafter filed multiple adversary complaints, two of which are relevant here: Adversary Proceeding Number 18-08058 against Teachers College, among others, seeking discharge of her student loans and monetary relief; and Adversary Proceeding Number 18-08119 which is a state-court action against Teachers College which Teachers College removed to this Court. The removed action involves the same claims and substantially overlaps with adversary proceeding 18-08058.

On March 1 and 4, 2021, the Court entered Orders in both adversary proceedings which, *inter alia*, realigned the parties and substituted in as plaintiff Robert L. Pryor, the Chapter 7 Trustee as real party-in-interest to the claims for monetary relief because those claims are property of the

bankruptcy estate and are not property of the Debtor. [AP. No. 18-08058, Dkt. No. 114; AP. No. 18-08119, Dkt. No. 24].

Thereafter, on April 29, the Trustee, as co-plaintiff in Adversary No. 18-08058 and as sole plaintiff in Adversary No. 18-08119, filed Motions pursuant to Rule 9019 seeking to approve a settlement of the monetary claims asserted against defendant Teachers College [Case No. 18-72291, Dkt. No. 81; AP. No. 18-08058, Dkt. No. 128; AP. No. 18-08119, Dkt. No. 25]. The settlement involved, *inter alia*, a release of all of the bankruptcy estate's claims against Teachers College for the payment of $75,000 as well as a release by Teachers College of all claims against this estate and against Debtor Kim Brown.

On May 25, 2021, the Court held a hearing regarding the approval of the settlement.

Although Debtor filed objections to the settlement, she did not appear at the May 25 hearing. *See* Case No. 18-72291, Dkt. No. 118.

As a result of the hearing, the Court required the Trustee to submit an affidavit setting out why the settlement was fair and reasonable in the Trustee's business judgment, and whether it is likely that there will be funds available after the administration of the Debtor's Chapter 7 case for a distribution to be made to Debtor. The Trustee timely submitted this Affidavit [Case No. 18-72291, Dkt. No. 84; AP. No. 18-08058, Dkt. No. 134; AP. No. 18-08119, Dkt. No. 29]. After giving due consideration, the Court determined that the settlement should be approved as a proper exercise of the Trustee's business judgment, as fair and reasonable, that Debtor's opposition to the settlement was without merit, and that Debtor lacked prudential standing to object to the settlement.

On June 2, 2021, the Debtor filed her baseless Objection to the Order Approving Settlement [Case No. 18-72291, Dkt. No. 87; AP. No. 18-08058, Dkt. No. 138; AP. No. 18-08119, Dkt. No.

30]. Scandalous material in the Objection was stricken and the Objection was overruled by the Court's Order Denying Vacatur entered June 24, 2021. The Court also addressed Debtor's allegation she was not aware of the May 25 hearing being held by telephone despite public notice having posted since March 2020 on the Court's website stating that, unless specifically ordered otherwise, all hearings are being held telephonically due to COVID-19.

On June 15, 2021, Debtor appealed the Order Approving Settlement and filed the First Stay Motion.

On July 15, 2021, Debtor appealed the Order Denying Vacatur and filed the Second Stay Motion.

## ANALYSIS

### *Debtor's Motion to Stay Order Approving Stipulation should be denied*

The following four-factor test is applied in deciding whether to grant a stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 2 River Terrace Apt. 12J, LLC v. Ehrenberg, 2021 U.S. Dist. LEXIS 121418, 2021 WL 2661040 (E.D.N.Y. 2021) (affirming Chief Judge Trust's denial of stay pending appeal); In re Platinum Partners Value Arbitrage Fund L.P., No. 18-CV-5176, 2018 WL 3207119, at *3 (S.D.N.Y. June 29, 2018) (quoting Nken v. Holder, 556 U.S. 418, 426 (2009) and citing In re World Trade Center Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007)). "The Second Circuit has held that these criteria should be applied 'somewhat like a sliding scale . . . more of one excuses less of the other.'" Id. (quoting Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir. 2006) (citation omitted). "The burden of establishing entitlement to a stay rests with the appellant." Id.

Debtor fails to meet her burden under all four elements.

*First factor:* Debtor does not attempt to demonstrate that she is likely to succeed on the merits of her appeal. As noted in the Order Denying Vacatur, Debtor lacks prudential standing to challenge the settlement. She has not offered or cited to any evidence or legal argument as to why the Court was incorrect on this determination. Similarly, she has not offered or cited to any evidence or legal argument as to why the settlement should not have been approved. Thus, Debtor has not, and cannot, demonstrate the possibility of success on appeal.

*Second factor:* Debtor fails to address a credible threat of irreparable harm to her that would serve as basis to grant the stay. Debtor's singular argument seems to be the vague concept of increasing her debts. However, Teachers College has expressly waived any claims against her as part of the settlement.

*Third factor:* Debtor fails to discuss the impact of granting a stay on the other parties, namely Teachers College and the Trustee. By contrast, the Trustee has alleged that the parties to the settlement will suffer substantial harm but does so in a conclusory fashion. Thus, neither party has established that this factor weighs for or against the stay.

*Fourth factor:* Debtor fails to address the impact of a stay on the public interests in any detail. As the Trustee states in his opposition, Debtor's motion merely concludes that the matter is of public importance but fails to detail any effect on the public interest of a stay, let alone why public interest favors the granting of a stay. Federal courts have long recognized a policy in favor of amicable resolutions of parties' disputes, and sets a high bar to upset arm's length, reasonable settlements. McDermott, Inc. v. Amclyde, 511 U.S. 202, (1994) (mentioning public policy favoring settlements); University of Tennessee v. Elliott, 478 U.S. 788 (1986) (mentioning public

policy favors saving judicial resources). Here, denying the stay favors this policy and the efficient use of judicial resources.

Because Debtor has not provided a colorable or well supported argument that a single factor weighs towards the granting of a stay, the First Stay Motion will be denied.

### *Debtors Motion to Stay the Order Denying Vacatur should also be denied*

First, the portion of the Order Denying Vacatur striking scandalous materials is interlocutory and not subject to immediate appeal. <u>See generally Ritzen Grp., Inc. v. Jackson Masonry, LLC</u>, 140 S. Ct. 582 (2020); <u>Bullard v. Blue Hills Bank</u>, 135 S. Ct. 1686 (2015). This Court struck wild and baseless allegations made by Debtor, but not any articulated claim for relief.

Second, part of the appeal from the Order Denying Vacatur is from this Court's decision to not set aside the Order Approving Settlement. Thus, Debtor has not met her burden to establish that any of the four factors support a stay of the Order Denying Vacatur for the same reasons that Debtor is not entitled to a stay of the Order Approving Settlement.

Based on the above, it is hereby

ORDERED that Debtor's First Stay Motion is DENIED; and it is further

ORDERED, that Debtor's Second Stay Motion is DENIED.

Dated: August 9, 2021
Central Islip, New York

Alan S. Trust
Chief United States Bankruptcy Judge