UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:
KIM M. BROWN                                                                  Case No. 18-72291-AST
                                                                                                                                Chapter 7

                                                      Debtor.
----------------------------------------------------------------X
ROBERT PRYOR, AS CHAPTER 7 TRUSTEE                  Adv. Pro. No. 18-08058-AST
OF THE ESTATE OF KIM M BROWN and
KIM MOORNING BROWN,

                                                      Plaintiff,

                                                      against

GREAT LAKES, COLUMBIA UNIVERSITY:
TEACHERS COLLEGE, UNITED STATES:
DEPARTMENT OF EDUCATION, NAVIENT
CORPORATION, NAVIENT SOLUTIONS, LLC,
and EDUCATIONAL CREDIT MANAGEMENT
CORPORATION,

                                                     Defendants.
----------------------------------------------------------------X
ROBERT L. PRYOR, AS CHAPTER 7 TRUSTEE              Adv. Pro. No. 18-08119-AST
OF THE ESTATE OF KIM M BROWN,

                                                     Plaintiff,

                                         against

THE TRUSTEES OF TEACHERS COLLEGE OF
COLUMBIA UNIVERSITY IN THE CITY OF
NEW YORK,

                                                   Defendant.
----------------------------------------------------------------X

## ORDER DENYING DEBTOR'S MOTIONS TO RECONSIDER

On January 5, 2022, Kim M. Brown filed Motions to Reconsider (the "Motions") [Adv. Pro. No. 18-08058, Dkt. Item 199; Adv. Pro. No. 18-08119, Dkt. Item 90] asking, *inter alia*, for the Court to reconsider the settlements the Court approved (the "Settlement") pursuant to the

1

Orders Granting Motion to Approve Stipulation entered on June 1, 2021 (the "Orders Approving Settlement") [Adv. Pro. No. 18-08058, Dkt. Item 136; Adv. Pro. No. 18-08119, Dkt. Item 30]. The Settlement, *inter alia*, fully and finally resolves both of the adversary proceedings as against Columbia University Teachers College and the Trustees of Teachers College of Columbia University in the City of New York (collectively "Teacher's College") and withdraws claims Teachers College may have against Debtor and this estate.

For the reasons to follow, Debtor's Motions are denied.

## BACKGROUND

On April 5, 2018, Debtor filed a petition for relief under Chapter 7 of Title 11 of the United States Code. The Debtor thereafter filed multiple adversary complaints, two of which are relevant here: Adv. Pro. Nos. 18-08058 and 18-08119. Adv. Pro. No. 18-08058 was filed against Teachers College, the United States Department of Education, Great Lakes Educational Loan Services, Navient Corporation, Navient Solutions, LLC, and Educational Credit Management Corporation. Debtor seeks discharge of her student loans and monetary relief in Adv. Pro. No. 18-08058. Adv. Pro. No. 18-08119 was a state-court action against Teachers College, which Teachers College removed to this Court. Both adversary proceedings involve the same claims and substantially overlap with regards to the allegations set forth against Teachers College.

On March 1 and 4, 2021, the Court entered Orders in both adversary proceedings which, *inter alia*, realigned the parties and substituted in Robert L. Pryor, the Chapter 7 Trustee, as plaintiff and real party-in-interest to Debtor's claims for monetary relief, as those claims are property of the bankruptcy estate [Adv. Pro. No. 18-08058, Dkt. Item 114; Adv. Pro. No. 18-08119, Dkt. Item 24]. Debtor remains the sole plaintiff in Adv. Pro. No. 18-08058 as to Count I, in which she seeks a declaratory judgment against all named defendants, other than Teachers

College, that her student loans are dischargeable ("Count I").

On April 29, 2021, the Trustee, as co-plaintiff in Adv. Pro. No. 18-08058, and as sole plaintiff in Adv. Pro. No. 18-08119, filed Motions pursuant to Rule 9019, seeking to approve settlements of the monetary claims asserted against Teachers College [Adv. Pro. No. 18-08058, Dkt. Item 128; Adv. Pro. No. 18-08119, Dkt. Item 25]. The Settlement involved, *inter alia*, a release of all the bankruptcy estate's claims against Teachers College for the payment of $75,000, as well as a release by Teachers College of all claims against both the estate and Debtor.

On May 25, 2021, the Court held a hearing regarding approval of the Settlement. Debtor filed objections to the Settlement but did not appear at the May 25, 2021, hearing.

As a result of the May 25, 2021, hearing, the Court required the Trustee to submit an affidavit setting out why, in the Trustee's business judgment, the Settlement was fair and reasonable, and whether Debtor's estate was solvent and could provide a distribution to Debtor after the administration of her case. The Trustee timely submitted this affidavit [Adv. Pro. No. 18-08058, Dkt. Item 134; Adv. Pro. No. 18-08119, Dkt. Item 29]. After giving due consideration, the Court determined that the Settlement should be approved as fair and reasonable, and as a proper exercise of the Trustee's business judgment. Further, because the Trustee's affidavit showed Debtor's bankruptcy case will not be a solvent estate, the Court determined that Debtor lacked prudential standing to object to the Settlement.

On June 1, 2021, the Court entered the Orders Approving the Settlement [Adv. Pro. No. 18-08058, Dkt. Item 136; Adv. Pro. No. 18-08119, Dkt. Item 30]. The Orders Approving the Settlement stated that the Settlement "shall be deemed res judicata against Debtor and all creditors herein, and that neither Debtor nor any creditors herein shall be allowed to commence

an action in any court or forum against Teachers College or any of Teachers College's employees with respect to any of the claims set forth against Teachers College in the complaint or amended complaint in the Removed Action, Adv. Pro No. 18-08058, and/or Adv. Pro. No. 18-08119."

On June 2, 2021, Debtor filed her Objections to the Orders Approving Settlement [Adv. Pro. No. 18-08058, Dkt. Item 138; Adv. Pro. No. 18-08119, Dkt. Item 31].

On June 15, 2021, Debtor appealed the Orders Approving Settlement and filed a Motion to Stay the Settlement Pending Appeal [Adv. Pro. No. 18-08058, Dkt. Item 145; Adv. Pro. No. 18-08119, Dkt. Item 37].

On June 24, 2021, the Court entered its Order denying Debtor's Objections to the Orders Approving Settlement [Adv. Pro. No. 18-08058, Dkt. Item 152; Adv. Pro. No. 18-08119, Dkt. Item 45]. Debtor's Objections to the Orders Approving Settlement contained scandalous material. Therefore, the Court also ordered the Striking of Scandalous Material from the record.

On July 15, 2021, Debtor appealed the Striking of Scandalous Material and filed a Motion to Stay the Striking of Scandalous Material Pending Appeal [Adv. Pro. No. 18-08058, Dkt. Item 166; Adv. Pro. No. 18-08119, Dkt. Item 59].

On August 9, 2021, the Court entered Orders Denying both of Debtor's Motions for Stays Pending Appeal [Adv. Pro. No. 18-08058, Dkt. Item 180; Adv. Pro. No. 18-08119, Dkt. Item 71].

On August 9, 2021, the U.S. District Court dismissed Debtor's appeals of the Orders Approving Settlement and the Striking of Scandalous Material.

On August 10, 2021, the Trustee filed Motions Requesting the Issuance of Pre-Filing Injunctions against Debtor, requiring the Debtor to seek and obtain leave from this Court prior to

filing any pleadings in her Main Case, or in any of the Adversary Proceedings, except for those in connection with Count I, as to which the Debtor is the sole plaintiff in Adv. Pro. No. 18-08058 (the "Trustee's Injunction Motion") [Adv. Pro. No. 18-08058, Dkt. Item 184; Adv. Pro. No. 18-08119, Dkt. Item 74].

On August 24, 2021, the Court held a hearing on the Trustee's Injunction Motion.

On September 2, 2021, the Court granted in part the Trustee's Motion, prohibiting Debtor for a period of ninety (90) days from filing any pleadings in her Main Case, or in any of the Adversary Proceedings, without first seeking leave from the Court, except for those in connection with Count I, as to which the Debtor is the sole plaintiff in Adv. Pro. No. 18-08058 [Adv. Pro. No. 18-08058, Dkt. Item 196; Adv. Pro. No. 18-08119, Dkt. Item 87].

On January 5, 2022, Debtor filed her Motions to Reconsider (the "Motions") pursuant to Federal Rules 60(b)(3), 60(d)(3), and Bankruptcy Rule 9024. Debtor lists a garden variety of alleged "legal infractions" engaged by the defendants, the Trustee, and the Court itself in Adv. Pro. Nos. 18-08058 and 18-08119. Debtor ultimately requests reconsideration of the following: (i) the Settlement with Teachers College (the "First Request"); (ii) the Court's prior denial of Debtor's Claims Objection (the "Second Request"); (iii) the scheduling of Discovery in the Adversary Proceedings and requiring the Trustee to submit all documents collected in his negotiation of the Settlement with Teacher's College (the "Third Request"); and (iv) expediting the process of the Brunner's Test for Debtor to demonstrate undue hardship as to the dischargeability of her student loans (the "Fourth Request") [Adv. Pro. No. 18-08058, Dkt. Item 199; Adv. Pro. No. 18-08119, Dkt. Item 90].

On January 18, 2022, Teachers College filed an objection to the Motions [Adv. Pro. No. 18-08058, Dkt. Item 200; Adv. Pro. No. 18-08119, Dkt. Item 91]. Teachers College highlights:

(i) that Debtor's previous attempts to overturn the Settlements have failed at the Bankruptcy Court, and the District Court on appeal; and (ii) that the Orders Approving Settlement preclude Debtor from further pursing claims against Teachers College. Teachers College urges the Court to prohibit the Debtor from commencing further motion practice on the claims related to Teachers College.

On January 18, 2022, the Trustee filed an objection to the Motions [Adv. Pro. No. 18-08058, Dkt. Item 201; Adv. Pro. No. 18-08119, Dkt. Item 92]. The Trustee objects to Debtor's First and Second Requests, as they are allegedly no more than further attempts to relitigate prior orders of the Court. As to the Third Request, the Trustee objects having to submit all documents collected during his negotiations with Teachers College, as this would allegedly only be used by Debtor to make a further motion to reconsider the Orders Approving Settlement. The Trustee does not take a position on Debtor's Third and Fourth Requests relating to Count I of Adv. Pro. No. 18-08058. Finally, the Trustee seeks a reimposition of a pre-filing injunction on Debtor, except for those pleadings related to Count I, where Debtor is the sole plaintiff.

On January 18, 2022, Educational Credit Management Corporation ("ECMC") and Great Lakes Educational Loan Services ("Great Lakes") filed objections to the Motions [Adv. Pro. No. 18-08058, Dkt. Items 202, 203].[1] Both are defendants in Adv. Pro No. 18-08058.

ECMC is the guarantor and holder of the student loans issued to Debtor between 2001-2004. ECMC argues that Debtor has not presented any evidence whatsoever to demonstrate fraudulent conduct on the part of ECMC that warrants relief from the prior Order Denying Debtor's Claims Objection.

Great Lakes is the servicer of the student loans issued to Debtor between 2010-2014 and

---

[1] By Order dated May 26, 2021, Defendant Navient Corporation was dismissed from Adv. Pro. No. 18-08058 [Adv. Pro. No. 18-08058, Dkt. Item 132].

currently held by the United States Department of Education. Great Lakes argues that Debtor's Third Request for discovery compliance is premature, as the Court has not issued a scheduling order in this case. Further, Great Lakes argues that Debtor's request for an expedited hearing on the Brunner's Test is also premature, as a discovery schedule has not yet been issued.

## DISCUSSION

### *Federal Rule of Civil Procedure 59(e)*

Debtor filed her Motions pursuant to Rule 60. However, Rule 59(e), as incorporated by Bankruptcy Rule 9023, authorizes the filing of a "motion to alter or amend a judgment." A motion for reconsideration is considered timely under Rule 59(e) and Bankruptcy Rule 9023 if it is filed within 14 days of the judgment or order. *In re Banfi*, 2021 WL 2407504, at *2 (Bankr. E.D.N.Y. 2021).

Debtor, in her First Request, moves to have the Court reconsider its Orders Approving Settlement. On June 1, 2021, the Court entered the Orders Approving Settlement. On September 2, 2021, the Court entered the Filing Injunction against Debtor. Debtor's Motions, as to her First Request, are untimely under Rule 59(e).

Debtor's Motions, as to her First Request, are also procedurally improper. On June 1, 2021, the Court entered the Orders Approving Settlement. On June 15, 2021, Debtor appealed the Orders Approving Settlement. On August 9, 2021, the U.S. District Court dismissed Debtor's appeal. Debtor now urges the Court to reconsider the Orders Approving Settlement, which have already been dismissed on appeal. This is procedurally improper when seeking relief under Rule 59(e).

Debtor, in her Second Request, moves to have the court reconsider its Order Denying Debtor's Claim Objections. The Order Denying Debtor's Claims Objections was entered on

September 17, 2021. While the Filing Injunction was issued against Debtor on September 2, 2021, Debtor was permitted to seek leave to file anything with the Court at any time during the Filing Injunction. Debtor made no such request. Debtor's Motions, as to her Second Request, are untimely under Rule 59(e).

Debtor, in her Third Request, moves to have the Court reconsider the discovery schedules of the adversary proceedings and have the Trustee submit all documents as they relate to the Settlement. The Court has yet to issue a scheduling order in either adversary proceeding. Further, Debtor lacks prudential standing to object to the Settlement; and the Settlement is deemed res judicata against Debtor. Debtor is not entitled to receive any additional documents collected during the Trustee's negotiations with Teachers College. Therefore, there is nothing to "reconsider" as to Debtor's Third Request.

Debtor, in her Fourth Request, moves to have the Court reconsider and expedite the scheduling of Debtor's opportunity to demonstrate the Brunner's Test. The Court has yet to issue a scheduling order as to the prosecution of Count I of Adv. Pro. No. 18-08058. Therefore, there is nothing to "reconsider" as to Debtor's Fourth Request.

***Federal Rule of Civil Procedure 60***

While Rule 60 does not govern motions to reconsider, Debtor specifically moved for relief pursuant to Rules 60(b)(3) and 60(d)(3).

Rule 60(b)(3) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for… (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Motions for relief pursuant to Rule 60(b)(3) "cannot be granted absent clear and convincing evidence of material misrepresentations." *In re Shen*, 501 B.R. 216, 222 (Bankr.

S.D.N.Y. 2013). The burden of proof cannot be met by mere allegations of fraud without specificity as to time, dates, places, and persons. *In re St. Stephen's 350 East 116th St.*, 313 B.R. 161, 174 (Bankr. S.D.N.Y. 2004).

Rule 60(d)(3) provides that Rule 60 "does not limit a court's power to…set aside a judgment for fraud on the court." The Second Circuit has "repeatedly stated that a 'fraud under the court' under Fed. R. Civ. P. 60(d)(3) embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *In re Motors Liquidation Company*, 529 B.R. 510, 594 (Bankr. S.D.N.Y. 2015) (quoting *Kupferman v. Consol Research and Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972)).

Here, to the extent Debtor's Motions relate to the Settlement, they are procedurally improper as they were filed after Debtor unsuccessfully appealed the Orders Approving Settlement. In any event, the court will address each request separately.

### A. *The First Request*

Debtor seeks relief from the Orders Approving Settlement pursuant to Rule 60(b)(3) and Rule 60(d)(3). The Orders Approving Settlement declare that the Settlement shall be deemed res judicata and that "neither Debtor nor any creditors shall seek any relief or redress from Teachers College…due to or as a result of any of the facts or grievances alleged in any of the Complaints, which for the avoidance of doubt shall include any claim against Teachers College based on pre-petition actions and that would otherwise constitute property of this chapter 7 Estate."

Debtor now attempts to merely re-litigate the Settlement and the Orders Approving Settlements by asserting vague allegations of fraud against the defendants, the Trustee, and the Court itself. The Court entered the Orders Approving Settlement because the Settlement was a

proper exercise of the Trustee's business judgment, the Settlement was fair and reasonable, and Debtor lacked prudential standing to object to the Settlement. Further, the Settlement has already been upheld on appeal and is now res judicata against Debtor and all other creditors. Debtor is not permitted to seek further relief or redress from Teachers College due to any of the allegations found in her complaints. Therefore, relief is not available under Rule 60 as to Debtor's First Request.

### B. The Second Request

Debtor seeks relief from the Order Denying Debtor's Claims Objections pursuant to Rule 60(b)(3) and Rule 60(d)(3). Debtor moves to have the Court "remove all forged documents, request actual proof of claims, remove duplicate claims, and remove all student loan claims because they were not discharged."

On June 23, 2021, Debtor filed a Motion Objecting to Claims 1-6 [Case No. 18-72291, Dkt. 101]. The Court held a hearing on Debtor's Motion Objecting to Claims 1-6 on August 24, 2021. On September 17, 2021, the Court entered the Order Denying Debtor's Claims Objections [Case No. 18-72291, Dkt. 152].

In support of her motion, Debtor lists numerous, vague allegations of fraud perpetuated by defendants in submitting their proofs of claim, and by the trustee and this Court, in accepting the proofs of claim that Debtor previously objected to.

Debtor alleges the defendants engaged in "forgery" in submitting their proofs of claim but does not provide any evidence indicating so. Debtor also requests the Court "remove duplicate claims," even though there are no duplicate claims filed in this case. Further, Debtor submits that all student loan claims should be removed "because they were not discharged." However, nothing in the Bankruptcy Code prohibits student loan claimants from filing proofs of

claim in bankruptcy cases.

Debtor has not presented any evidence, let alone any "clear and convincing evidence" demonstrating fraudulent conduct committed by the defendants to obtain relief pursuant to Rule 60(b)(3). *Shen*, 501 B.R. at 222. Further, "the standard for establishing fraud on the court under Rule 60(d)(3) 'is higher and distinct from the more general standard for fraud under Rule 60(b)(3)'" *In re Old Carco LLC*, 423 B.R. 40, 52 (Bankr. S.D.N.Y. 2010) (citing *United States v. Smiley*, 553 F.3d 1137, 1144-5 (8th Cir. 2009)). For similar reasons, Debtor is not entitled to relief pursuant to Rule 60(d)(3). Therefore, relief is not available under Rule 60 as to Debtor's Second Request.

### C. The Third Request

Debtor, in her Third Request, urges the Court should reschedule discovery, demand all defendants comply with discovery, and require the Trustee to submit all documents collected during his negotiations with Teachers College that led to the Settlement.

Debtor lacks prudential standing to object to The Settlement. Further, The Settlement is already deemed res judicata against Debtor and all creditors. Therefore, Debtor is not entitled to receive any additional documents that may have been collected during the Trustee's negotiations with Teachers College.

The Court has also yet to issue a scheduling order concerning the remaining claims in Adv. Pro. No. 18-08058. There is no judgment or order controlling discovery to seek relief from. Therefore, Debtor is not entitled to relief as to her Third Request under Rule 60.

### D. The Fourth Request

Debtor, in her Fourth Request, seeks to have the Court expedite the process to have Debtor demonstrate her satisfaction of the Brunner's Test so she may obtain a discharge of her

student loans.

As stated, the Court has yet to issue a scheduling order concerning the remaining claims in Adv. Pro. No. 18-08058. There is no judgment or order controlling scheduling to have expedited or to seek relief from. Therefore, Debtor is not entitled to relief as to her Fourth Request under Rule 60.

Therefore, with good cause appearing therefor, it is hereby

**ORDERED**, that Debtor's Motions are denied; and it is further

**ORDERED**, that the Clerks Office is directed to close Adv. Pro. No. 18-08119 upon entry of this Order; and it is further

**ORDERED**, that <u>**within fourteen (14) days of entry of this Order**</u>, the Trustee is to file a letter listing any remaining claims the estate may have in Adv. Pro. No. 18-08058; and it is further

**ORDERED**, that the Court is to issue a Scheduling Order concerning the remaining causes of action in Adv. Pro. No. 18-08058; and it is further

**ORDERED**, that Debtor is enjoined and prohibited, <u>**for a period of ninety (90) days following the date of the entry of this Order**</u> (the "Ninety Day Period"), from filing any new pleadings, motions, discovery requests, adversary proceedings, or other documents with this Court (collectively, "New Documents") in the Main Case or any of the Adversary Proceedings that remain open herein, without first seeking and obtaining an order from this Court, granting the Debtor leave to file such New Documents (the "Pre-Filing Injunction") except for pleadings, discovery requests, or papers filed by the Debtor solely in connection with Count I in Adv. Pro. No. 18-08058, in which she seeks a declaratory judgment against all remaining named defendants, other than Teachers College, that Debtor's student loans are dischargeable; and it is

further

**ORDERED**, that this Order is without prejudice to the Court further extending the Ninety Day Period based on the record before this Court, or a further motion being filed before the close of the Ninety Day Period, or as otherwise ordered by the Court, seeking to extend the Pre-Filing Injunction beyond the Ninety Day Period; and it is further

**ORDERED**, that the Trustee shall serve a copy of this Order on the Debtor via first class mail and email within two business days following the entry of this Order, and via electronic mail on all other parties within two business days following the entry of this Order.



**Dated: June 15, 2022**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**